**UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF TENNESSEE**

**NASHVILLE DIVISION**

| | |
|---|---|
| EDWARD C. HUGLER, Acting )<br>Secretary of Labor, )<br>United States Department )<br>of Labor, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>MILLER HAND PAINTING & )<br>RESTORATION, INC., MILLER D. )<br>HAND, and JASON M. HAND, )<br>)<br>Defendants )<br>) | Civil Action No. _____<br><br>**COMPLAINT**<br><br>(Injunctive Relief Sought) |

Plaintiff, Edward C. Hugler, Acting Secretary of Labor, United States Department of Labor (hereinafter "Plaintiff") brings this action to enjoin the defendants from violating the provisions of Section 7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., (hereinafter "FLSA" or "the Act"), and to recover unpaid wages and liquidated damages pursuant to the provisions of Sections 15(a)(2) and 16(c) of the Act.

I

Jurisdiction hereof is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, to enjoin violations of

the Act and to restrain the withholding of back wages due under the Act; and by 28 U.S.C. § 1345 to award additional amounts, equal to back wages due, as liquidated damages under Section 16(c) of the Act, 29 U.S.C. § 216(c).

II

A. Defendant, Miller Hand Painting & Restoration, Inc., a corporation headquartered at 6700 Darden Place, Nashville, Tennessee 37205, at all times hereinafter mentioned, has been engaged in performing painting and remodeling projects for customers in the State of Tennessee, primarily at Vanderbilt Hospital, located in Nashville, Tennessee.

B. Defendant, Miller D. Hand, at all times hereinafter mentioned, has acted directly or indirectly in the interest of Miller Hand Painting & Restoration, Inc. in relation to its employees, and therefore, has been, and is, an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

C. Defendant, Jason M. Hand, at all times hereinafter mentioned, has acted directly or indirectly in the interest of Miller Hand Painting & Restoration, Inc. in relation to its employees, and therefore has been, and is, an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

III

A. Defendants, at all times hereinafter mentioned, have suffered or permitted employees to work for Miller Hand Painting & Restoration, Inc. as painters and general construction workers. Defendants misclassified these employees as "independent contractors." Therefore, the defendants have been employers within the meaning of Sections 3(d) and 3(g) of the Act, 29 U.S.C. §§ 203(d) and 203(g).

B. At all times hereinafter mentioned, defendants employed employees that have been, and are, engaged in commerce or in the production of goods for commerce, within the meaning of Sections 3(b) and (j), respectively, of the Act, 29 U.S.C. §§ 203(b) and (j).

C. At all times hereinafter mentioned, defendants were in a joint employment relationship in relation to each other and to the employees at issue.

IV

At all times hereinafter mentioned:

A. Defendants, Miller Hand Painting & Restoration, Inc., Miller D. Hand, and Jason M. Hand, having been engaged in related activities performed either through unified operation or common control for a common business purpose, constitute an enterprise within the meaning of Section 3(r)(1) of the Act, 29 U.S.C. § 203(r)(1); and

3

B. Such enterprise, employing employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce; and

C. Such enterprise, operating as a business engaged in providing painting and remodeling services to customers in the general public, constitutes an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

D. Therefore, the employees were employed in an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Sections 3(r)(1) and/or 3(s)(1) of the Act, and the employees and the enterprise were subject to Section 7 of the Act, 29 U.S.C. § 207.

V

Since at least April 2013, the defendants have willfully and repeatedly violated the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees who have been engaged in commerce, or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one

and one-half times the regular rates at which they were employed.

VI

WHEREFORE, cause having been shown, plaintiff prays for Judgment:

1. Permanently enjoining defendants Miller Hand Painting & Restoration, Inc., Miller D. Hand, and Jason M. Hand, their agents, servants, employees and all persons in active concert or participation with them, from violating the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), in accordance with Section 17 of the Act, 29 U.S.C. § 217;

2. Restraining the defendants against the withholding of payment of back wages found by the Court to be due to employees as named in Exhibit A attached hereto, and to such other employees as hereafter may be identified and named prior to or at trial, in accordance with Section 17 of the Act, 29 U.S.C. § 217;

3. Awarding back wages and an additional, equal amount as liquidated damages to such employees in accordance with Section 16(c) of the Act, 29 U.S.C. § 216(c); and

4. For such other and further relief as may be necessary and appropriate, including interest on such back wages at the underpayment rate established by the Secretary of the

Treasury, pursuant to 26 U.S.C. § 6621, from the date they became due until paid, and costs of this action.

        Respectfully submitted,

        KATHERINE E. BISSELL
        Deputy Solicitor for
        Regional Enforcement

        STANLEY E. KEEN
        Regional Solicitor

POST OFFICE ADDRESS:        THERESA BALL
        Associate Regional Solicitor

Office of the Solicitor
U. S. Department of Labor
618 Church Street        /s/ Emily O. Roberts
Suite 230        EMILY O. ROBERTS
Nashville, Tennessee  37219-2440        Attorney

Telephone: (615) 781-5330 EXT. 232        U.S. Department of Labor
Fax No. (615) 781-5321        Attorneys for the Plaintiff
E-mail: nash.fedcourt@dol.gov
        roberts.emily.o@dol.gov